ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
HAGATNA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiff
LOUIS VUITTON MALLETIER

FILED
DISTRICT COURT OF GUAM
JAN 0 6 2003
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER, | CIVIL CASE NO. 03-00001 |
| Plaintiff, | DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, ORDER SEALING FILE AND ORDER ACCELERATING DISCOVERY [L.R. 7(j)] |
| vs. | |
| JENNY DOE aka JENNY SALGADO, and DOES I THROUGH XX. | |
| Defendants. | |

I, **ANITA P. ARRIOLA**, being duly sworn, declare and state as follows:

1. I am counsel for plaintiff in the above-captioned matter. I file this Declaration in support of Plaintiff's Ex Parte Application for Temporary Restraining Order, Seizure Order, Order to Show Cause for a Preliminary Injunction, Order Sealing File and Order Accelerating Discovery. I have personal knowledge of the facts contained herein.

2. I am not aware of the names of the attorneys of the defendant in this action and, accordingly, have not notified any attorneys of this ex parte application.

3. As required by 15 U.S.C. § 1116, I have given notice of this application for an ex parte order to the United States Attorney for the District of Guam. Oral notice was given in a

-1-

ORIGINAL

telephone conversation by me Karon Johnson on January 6, 2003 and written notice was provided on January 6, 2003. A true and correct copy of this notice is attached hereto as Exhibit A.

4. To the best of my knowledge, no prior application by plaintiff for similar relief against the defendant herein has been made.

5. My experience in prior infringement actions on behalf of trademark owners shows that where the defendants are selling, manufacturing or distributing counterfeit goods, the normal practice of giving notice to defendants of a plaintiff's desire to move for a temporary restraining order or seizure order is ineffective and results in the disappearance or destruction of the counterfeit goods. Once notice is given, the defendants are able to move the counterfeit goods to hidden locations, or back into the distribution chain, so that by the time a temporary restraining order or seizure order is issued, the need for it has been defeated.

6. This experience is consistent with the findings in various cases, as cited in plaintiff's Memorandum of Points and Authorities. In <u>In the Matter of Vuitton et Fils</u>, 606 F.2d 1 (2nd. Cir. 1979), the court cited similar examples of reasons why notice should not be given in seeking temporary restraining orders where counterfeit goods are involved.

7. In cases involving counterfeit goods, it is therefore necessary that the Court issue an ex parte seizure order directing the U.S. Marshal or other peace officer to seize and preserve the counterfeit goods and other evidence without prior notice to the defendants.

8. The experience of plaintiffs in other actions in this district illustrate the ineffectiveness of a temporary restraining order alone in preventing further distribution of the counterfeit merchandise in the hands of a defendant. For example, in <u>Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al</u>, CV93-00053; and <u>Hunting World Incorporated v. Jimar's</u>

Investment Co., CV92-00050 (D.Guam) the plaintiffs obtained both ex parte restraining orders and seizure orders in order to prevent destruction or transfer of the counterfeit goods.

9. Thus, in many cases, even a temporary restraining order served upon a defendant is insufficient, since the defendants were found to be willfully violating the restraining order and the plaintiff had no way of proving the contempt. See, e.g., Vuitton v. White, 945 F.2d 569, 575 (3d Cir. 1991). To respond to this, many courts have granted temporary restraining orders with seizure provisions, allowing the United States Marshal or other peace officers to enter the premises of the defendant and seize and sequester the counterfeit goods of the defendant without advance notice.

10. Accordingly, I believe that where counterfeit goods are involved, it is likely that the defendants will violate any restraining order by destroying, removing or selling the infringing goods. It is therefore necessary for the court to grant a temporary restraining order without notice with an accompanying seizure order, allowing the United States Marshal or other peace officer to enter the premises of the defendant and seize and preserve the evidence regarding the counterfeit goods.

11. I identify and request that the court take judicial notice of the many temporary restraining orders with seizure provisions granted throughout the country. In this court, similar orders were granted in Reebok v. CHC, Inc., et al., CV88-00030 (D.Guam) (Order dated June 17, 1988); Chanel v. Baro's French Enterprise, et al., CV89-0048 (D.Guam) (Order dated August 30, 1989); Louis Vuitton v. Jimar's Investment Co., et al., CV89-00059 (D.Guam) (Order dated October 27, 1989); Louis Vuitton v. Marina Pizarro, CV89-00060 (D.Guam) (Order dated October 27, 1989); Louis Vuitton v. Ok Cha Sun, et al., CV89-00061 (D.Guam) (Order dated October 27, 1989); Hunting World Incorporated v. Jimar's Investment Co., CV92-00050 (D.Guam) (Order dated August 17, 1992); Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al, CV93-00053 (Order

dated August 27, 1993); Louis Vuitton Malletier and Chanel, Inc. v. Suzie H.C. Yim, et al., Civil Case No. 00-00069 (D. Guam) (Order dated December 19, 2000). In the neighboring District of the CNMI, the court issued similar orders in Reebok v. K&J Trading, Inc., et al., CV91-00020 (D.CNMI) and in Chanel, Inc. v. Julieum Enterprises, et al., CV89-00012 (D.CNMI).

Similar ex parte orders were granted in many other cases filed through the country, some of which are cited in plaintiff's Memorandum of Points and Authorities.

12. It is my personal experience that those in the business of counterfeiting and distributing illegal and illicit products maintain few, if any, business records. More often than not, when confronted, counterfeiters profess ignorance at what they have done, state they transact business in cash only, allege they give no receipts or invoices and have no records of any of the parties with whom they have conducted their illegal affairs. Notwithstanding protestations to the contrary, periodically armed with an appropriate order of seizure, which order must extend to the books and records of defendants, we have been able to acquire information leading up the distribution chain to others engaged in the same sort of illicit activities on a broader scale. If such books and records are not seized and copied, they undoubtedly will be destroyed.

13. It is common that newspaper reporters will observe the list of cases filed and sometimes print the information or contact the defendant. In view of this, I believe that this court should seal the record of this action in order to give the U.S. Marshal or other law enforcement officer the opportunity to enforce the seizure order and serve the temporary restraining order. In other actions, filed in similar situations, this Court has granted an order temporarily sealing the file of the action. Reebok v. CHC, Inc., et al., CV88-00030 (D.Guam); Chanel v. Baro's French Enterprise, et al., CV89-0048 (D.Guam); Hunting World Incorporated v. Jimar's Investment Co.,

-4-

CV92-00050 (D.Guam); Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al, CV93-00053; Louis Vuitton Malletier and Chanel, Inc. v. Suzie H.C. Yim, et al., Civil Case No. 00-00069 (D. Guam).

14. Plaintiff has not publicized this action.

15. An order accelerating discovery is also vital in this case. Although a seizure order will allow the seizure and impoundment of the counterfeit goods and related business records, plaintiff will need to inspect and copy the business records in particular. If discovery and inspection of records are not commenced immediately, defendants' business records will likely disappear and defendants' recollections of the identities of their suppliers and customers will fade entirely. Plaintiff also wishes to take the deposition of the defendant on shortened time prior to the hearing on the order regarding the issuance of a preliminary injunction.

15. Plaintiff is prepared to post $1,000.00 as a security bond for issuance of the temporary restraining and seizure order.

I declare under penalty of perjury under the laws of the United States and the territory of Guam that the foregoing is true and correct.

Executed this 6th day of January, 2003 in Hagatna, Guam.

_____
**ANITA P. ARRIOLA**

-5-

Case 1:03-cv-00001   Document 4   Filed 01/06/2003   Page 5 of 6

## LAW OFFICES
## Arriola, Cowan & Arriola

JOAQUIN C. ARRIOLA
MARK E. COWAN
ANITA P. ARRIOLA
JOAQUIN C. ARRIOLA, JR.

JACQUELINE T. TERLAJE

259 MARTYR STREET, SUITE 201
C & A BUILDING
HAGÅTÑA, GUAM 96910

MAILING ADDRESS:
P. O. BOX X
HAGÅTÑA, GUAM 96932
TELEPHONE:
(671) 477-9730/3
TELECOPIER:
(671) 477-9734
E-MAIL:
acalaw@ite.net

January 6, 2003

**CONFIDENTIAL - VIA HAND DELIVERY**

Karon Johnson, Esq.
United States Attorney
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

Re: **LOUIS VUITTON MALLETIER vs. Jenny Doe aka Jenny Salgado, Does I through XX**

Dear Ms. Johnson:

This firm has been retained by Louis Vuitton Malletier, manufacturers of the signature and distinctive brands of luggage, purses, bags, accessories, jewelry and other items bearing the LOUIS VUITTON trademarks, to protect its trademarks in this district. It is our intention to bring suit against an individual who is selling, or offering for sale, counterfeit LOUIS VUITTON goods in the near future.

The prospective defendant is Jenny Salgado and any related individuals or companies, along with their officers and directors.

As you know, under the Trademark Counterfeiting Act of 1984, we are required to give notice to the United States Attorney of our intent to seek an ex parte seizure order under amendments to the Lanham Act by that legislation. If we do not receive word from your office of objections to our intent to request for such relief we will deem that your office has no objections. Should you have any questions or concerns, do not hesitate to contact me.

Very truly yours,

ANITA P. ARRIOLA

cc: U. S. Customs Service


EXHIBIT A