ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
HAGATNA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiff
LOUIS VUITTON MALLETIER



FILED
DISTRICT COURT OF GUAM
JAN 1 0 2003
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER, ) | CIVIL CASE NO. 03-00001 |
| ) | |
| Plaintiff, ) | **FIRST AMENDED VERIFIED** |
| ) | **COMPLAINT FOR TRADEMARK** |
| vs. ) | **INFRINGEMENT, TRADEMARK** |
| ) | **COUNTERFEITING, FALSE** |
| JENNY DOE aka JENNY SALGADO, ) | **DESIGNATION OF ORIGIN,** |
| CAROL A. SALGADO and DOES I ) | **PERMANENT INJUNCTION, AND** |
| THROUGH XX. ) | **DAMAGES** |
| ) | |
| Defendants. ) | |

Margin text (vertical): ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

### Jurisdiction and Venue

1.      This is a complaint for trademark and trade dress infringement, trademark counterfeiting, false designation of origin and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (hereinafter the "Lanham Act"), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (hereinafter the "Counterfeiting Act"). This Court has exclusive jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b); 15 U.S.C. §§ 1114, 1116, 1121 and 1125; and 48 U.S.C. § 1424.

2.      Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b) and 1391(c) because defendants are doing business in this District and because the unlawful acts of all defendants

-1-

have occurred and continue to occur in this District.

## The Parties

3.     Plaintiff LOUIS VUITTON MALLETIER ("LOUIS VUITTON") is a France corporation, having its principal place of business at 2, Rue du Pont-Neuf, 75001 Paris, France. LOUIS VUITTON has an affilated office in Guam at Pacific Place, Level 3, Suite 302, 1411 Pale San Vitores Road, Tumon, Guam.

4.     Upon information and belief, Defendant JENNY DOE aka JENNY SALGADO is a resident of Yigo, Guam.

5.     Upon information and belief, Defendant CAROL A. SALGADO is a resident of Dededo, Guam.

6.     The true names and capacities of the individuals, corporations or other entities named herein as defendants DOES I - XX are unknown to plaintiffs, who consequently sues said defendants by such fictitious names. Plaintiff will seek leave to amend the complaint to state their true names and capacities when they have been ascertained.

## Factual Allegations

7.     LOUIS VUITTON and its affiliated companies and licensees for many years have been and are now manufacturing, developing, promoting, marketing, and distributing finely crafted luggage, handbags, clothing, accessories and related items, and other goods, under the trademarks LOUIS VUITTON and the "LV" monogram design. LOUIS VUITTON was one of the pioneer specialty merchandisers selling fine luggage and travel accessories to the luxury market in this country.

8.     LOUIS VUITTON is the owner of trademarks consisting of, among others, the words

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

LOUIS VUITTON and a distinctive "LV" monogram logo trademark. LOUIS VUITTON's

trademarks were entered on the Principal Trademark Register of the United States Patent and

Trademark Office as Registered Trademark Nos. 297,594, 1,519,828, 1,770,331, 1,794,905,

1,938,808, 1,990,760, 2,263,903, 2,378,388, respectively. (True, certified copies of these

registrations belonging or licensed to plaintiff LOUIS VUITTON are annexed hereto as Exhibits A

through H, and made a part hereof).

9.      For many years prior to the acts of defendants complained of herein, LOUIS

VUITTON has been and now is producing, advertising, offering for sale and selling various

merchandise bearing one or more of its trademarks, including trunks, luggage, travel accessories,

handbags, small leather goods such as keycases, wallets, cigarette cases, belts, apparel, scarves, and

various garments and other merchandise, in interstate commerce. Using its trademarks, LOUIS

VUITTON has established an outstanding reputation throughout the United States and the world as

a supplier of high quality fashionable travel merchandise.

10.     LOUIS VUITTON has, for many years, expended great time, effort, and money in

the promotion and advertisement of its products under its marks and names including LOUIS

VUITTON and the "LV" monogram design. This extensive promotion includes advertisements,

articles, and news releases in local, national and international magazines and newspapers. As a result

of their widespread and continuous use and promotion, the LOUIS VUITTON marks and names

have become famous in identifying LOUIS VUITTON as the exclusive source of a variety of high

quality and fashionable travel merchandise which is distinguishable from the goods of others.

11.     LOUIS VUITTON's merchandise is manufactured in Europe and sold through a

supplier in Hong Kong. LOUIS VUITTON goods are sold and shipped throughout the world.

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

12.     Plaintiff LOUIS VUITTON is informed and believe and thereon alleges that defendant imports, exports, sells and/or distributes; handbags; luggage; small leather goods such as wallets, agendas, keycases, cigarette cases, coin holders, and cosmetic purses and other merchandise, which bear counterfeits of the LOUIS VUITTON and "LV" monogram design (collectively "Counterfeit Merchandise"), in this District. Defendant is not authorized by plaintiff LOUIS VUITTON to buy, sell or distribute LOUIS VUITTON brand goods. Defendant's retail activities in Guam include selling such Counterfeit Merchandise to Guam consumers.

13.     On information and belief, defendants have sold, offered for sale, and conspicuously displayed copies, reproductions, duplicates and imitations of one or more of LOUIS VUITTON's trademarks. The Counterfeit Merchandise is of the same general nature and type as the merchandise manufactured, distributed or authorized to be sold by LOUIS VUITTON, that defendant's use is likely, and is intended, to cause confusion to purchasers and to deceive the public into purchasing defendants' inferior merchandise, believing that they are LOUIS VUITTON's products. Defendant has intentionally and willfully attempted to trade upon the goodwill created by LOUIS VUITTON in their trademarks, trade names and trade dresses.

14.     Moreover, upon information and belief, defendants have made oral misrepresentations to potential customers that defendants' merchandise are intentional copies of and equal in quality to the merchandise sold by LOUIS VUITTON.

15.     By misappropriating and using the LOUIS VUITTON trademarks, defendants have misrepresented and falsely described to the general public the origin and source of the Counterfeit Merchandise so as to deceive the public and deliberately create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Counterfeit Merchandise.

-4-

16.    The Counterfeit Merchandise described above is of quality inferior to that sold and/or authorized to be sold by plaintiff and the sale thereof has and will continue to damage and dilute the goodwill plaintiff have developed in connection with the sale of legitimate, authorized high quality merchandise.

17.    The unlawful activities of defendants result in irreparable harm and injury to plaintiffs. Defendant's unlawful activities deprive plaintiff of its absolute right to determine the manner in which their images are presented to the general public through merchandising; deceive the public as to the origin and sponsorship of such merchandise; wrongfully trade upon and derive financially from plaintiff's reputation, commercial value and exclusive rights in their trademarks; and, to the extent the Counterfeit Merchandise is of inferior quality, irreparably harms and injures the reputation of plaintiff.

18.    Defendants' activities as aforesaid cause and will cause injury to LOUIS VUITTON and its reputation, names, and trademarks. Plaintiff has no adequate remedy at law and have suffered, and will continue to suffer, immediate and irreparable harm and damage as a result of defendant's acts, if an injunction is not granted.

<center>COUNT I</center>

<center>FEDERAL TRADEMARK INFRINGEMENT</center>

19.    Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

20.    Defendant's aforesaid use of the LOUIS VUITTON Trademarks, on and in connection with their counterfeit goods, infringes upon plaintiff's exclusive rights in their federally registered trademarks, in violation of the Lanham Act, 15 U.S.C. § 1114, as amended, and 15 U.S.C.

<div style="text-align:left; writing-mode: vertical">ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910</div>

<center>-5-</center>

§ 1051, et seq.

21.    Upon information and belief, notwithstanding LOUIS VUITTON's common law and statutory rights in their trademarks, and with knowledge or at least constructive notice of plaintiffs' trademarks and federal registration rights,   defendants are selling, trafficking in, importing, distributing and/or offering for sale various types of apparel, leather goods, bags, luggage, jewelry and other merchandise upon which are imprinted counterfeit imitations or copies of one or more of LOUIS VUITTON's registered trademarks.  Plaintiff has never authorized or consented in any way to the use by defendant of their registered trademarks, or authorized defendant as distributor of plaintiff's goods in order to give their merchandise the distinctive appearance of belonging to, originating from, or being associated with plaintiff.

22.    Defendant's counterfeiting, copying and unauthorized use of one or more of plaintiffs' federally registered Trademarks combined with the distinctive trade dress of plaintiffs' merchandise, constitute trademark infringement and are likely to, and are causing confusion, mistake and deception among members of the public as to the origin of defendant's goods and are likely to and will continue to deceive the public into believing that the goods being sold by  defendants emanate from or are associated with plaintiffs and their high quality genuine merchandise, and has thus caused and will continue to cause irreparable harm to plaintiffs unless restrained by this Court. Plaintiff has no adequate remedy at law.

<center>COUNT II</center>

<center>FEDERAL TRADEMARK COUNTERFEITING</center>

23.    Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

<center>-6-</center>

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

24.     Defendant's aforesaid use in commerce of one or more of plaintiffs' federally registered Trademarks in connection with their goods, constitutes trafficking or attempts to traffic in goods knowingly using counterfeit trademarks, in violation of the Counterfeiting Act, 15 U.S.C. § 1114(1), et seq.

25.     Upon information and belief, defendant, having full knowledge of plaintiff's rights and the fact that the goods defendant sells are unauthorized duplications of plaintiff's merchandise, have engaged in the reproduction, counterfeit, copy, imitation, manufacture and/or sale of goods bearing the LOUIS VUITTON Trademarks in order falsely to give their goods the distinctive appearance of belonging to, originating from, or being associated with plaintiff.

26.     Defendant's aforesaid acts in counterfeiting one or more of plaintiff's federally registered Trademarks have caused and will continue to cause irreparable harm to plaintiffs unless restrained by this Court.   Plaintiff has no adequate remedy at law.

<div align="center">

COUNT III

FEDERAL UNFAIR COMPETITION -- FALSE DESIGNATION OF ORIGIN

</div>

27.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 25 of this Complaint as if fully set forth herein.

28.     The similarity between the overall commercial impression of the genuine merchandise of plaintiff and the goods sold by defendant, bearing the unauthorized and counterfeit LOUIS VUITTON Trademarks, constitutes a false designation of origin and a false description and representation to the consuming public. Members of the public are likely to and, upon information and belief, do believe that defendant's goods were manufactured, imported, distributed, sold, authorized by or otherwise associated with plaintiff, all to defendants' profit and plaintiff's great

-7-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

damage and injury.

29. The aforesaid acts of defendant are in violation of the Lanham Act, 15 U.S.C. § 1125(a), and have caused and will continue to cause plaintiff irreparable injury unless restrained by this Court. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff respectfully prays that this Court grant the following relief as to each of the above causes of action:

A. Preliminarily and permanently enjoining and restraining defendant, her officers, directors, principals, agents, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

(1) counterfeiting, imitating, copying, or making unauthorized use of LOUIS VUITTON, the "LV" design, or any of LOUIS VUITTON's registered or licensed trademarks;

(2) manufacturing, producing, printing, distributing, importing, trafficking in, selling, offering for sale, advertising, promoting or displaying any merchandise of whatever nature or type, including but not limited to, apparel, luggage, handbags, purses, leather goods, belts, keycases, jewelry, accessories or any other items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of LOUIS VUITTON, the "LV" design, or any of LOUIS VUITTON's registered or licensed trademarks;

(3) using any simulation, reproduction, counterfeit, copy or colorable imitation of LOUIS VUITTON, the "LV" design, or any of LOUIS VUITTON's registered or licensed trademarks or trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, printing, importation, production, circulation or distribution of any product, in such fashion as to relate or connect such product in any way to LOUIS VUITTON , or to any

-8-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

goods sold, manufactured, sponsored or approved by, or connected with LOUIS VUITTON;

(4)     making any statement or representation whatsoever, or using any false designation of origin or false description or representation, or performing any act, which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any products manufactured, printed, distributed or sold by defendant, or that defendant, are in any manner associated or connected with LOUIS VUITTON, or any goods of defendant are sold, manufactured, licensed, sponsored, approved or authorized by LOUIS VUITTON; and

(5)     engaging in any other activity constituting unfair competition with LOUIS VUITTON, or constituting an infringement of any of LOUIS VUITTON's trademarks, or of LOUIS VUITTON's rights in, or to use or to exploit, LOUIS VUITTON's trademarks, or the trade dress of LOUIS VUITTON's products, or constituting any damage to LOUIS VUITTON's name, trademarks, reputation or goodwill.

B.     Directing that defendants deliver for destruction all products, merchandise, goods, labels, signs, prints, packages, dies, wrappers, parts, hardware, artwork or apparatus, receptacles and advertisements in their possession, or under their control, bearing the registered trademarks or the word, term, name, symbol, device, designation or representation of LOUIS VUITTON or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same.

C.     Imposing a constructive trust over Defendants' profits and requiring Defendant to account for and pay over to LOUIS VUITTON all profits realized by them from their infringement and injury to the value of LOUIS VUITTON trademarks and their unfair competition with LOUIS VUITTON;

-9-

ARRIOLA, COWAN & ARRIOLA, HAGÅTÑA, GUAM 96910

D.    Awarding judgment to plaintiff for plaintiff's damages or defendant's profits, whichever are greater, arising from defendant's trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition, such damages to be trebled in view of the willfulness of defendant's acts in duplicating plaintiff's tradename and the LOUIS VUITTON Trademarks and/or selling defendant's products with the express or implied representation through the use of plaintiff's trade dress and trademarks that defendants' products emanate from or are associated with plaintiff; or, alternatively, that the Court award statutory damages pursuant to 15 U.S.C. § 1117(c);

E.    Awarding plaintiff exemplary and punitive damages as allowed by law;

F.    Awarding plaintiff their costs of suit incurred herein;

G.    Awarding plaintiff reasonable attorney's fees and expenses incurred in this action;

H.    Awarding plaintiff prejudgment interest as authorized by 15 U.S.C. § 1117(b) and applicable law; and

I.    Granting plaintiff such other and further relief as this Court deems to be reasonable, necessary and just.

Dated: January 10, 2003.

ARRIOLA, COWAN & ARRIOLA
Counsel for Plaintiff LOUIS VUITTON
MALLETIER

BY: _Anita P. Arriola_
**ANITA P. ARRIOLA**

-10-

## **VERIFICATION**

I, ANITA P. ARRIOLA, being duly sworn, deposes and says that:

I am an attorney at law duly admitted and licensed to practice before all courts of this Territory. I have my professional office at Suite 201, Calvo & Arriola Professional Building, 259 Martyr Street, Hagåtña, Guam 96910.

I am one of the attorneys of record for plaintiff in the above-entitled matter.

Said plaintiff is from the city or town in which I have my office and for that reason I am making this verification on its behalf.

I have read the foregoing First Amended Verified Complaint and know the contents thereof and that the same are true of my own knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the territory of Guam that the foregoing is true and correct.

Dated this 10th day of January, 2003.

<div align="right">

ARRIOLA, COWAN & ARRIOLA
Counsel for Plaintiff LOUIS VUITTON
MALLETIER

BY: _____
      **ANITA P. ARRIOLA**

</div>

-11-



TR 340641

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *297,594* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *September 20, 1932*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM  *September 20, 1992*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
    *LOUIS VUITTON MALLETIER*
    *A FRANCE CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
Certifying Officer

PLAINTIFF'S
EXHIBIT
A

Int. Cl.: 18

Prior U.S. Cl.: 3

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 297,594
Registered Sep. 20, 1932
Renewal Term Begins Sep. 20, 1992

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE CORPORATION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE, BY CHANGE OF NAME, ASSIGNMENT, ASSIGNMENT AND ASSIGNMENT FROM VUITTON & VUITTON, SOCIETE A RESPONSA-BILITE LIMITEE (FRANCE CORPO-RATION) PARIS, FRANCE

OWNER OF FRANCE REG. NO. 219,497, DATED 10-29-1908, RENEWED AS REG. NO. 219,497, DATED 8-3-1923.

THE REPRESENTATION OF A TRUCK LINING OR A SECTION THEREOF BEING HEREBY DIS-CLAIMED.

FOR: TRUNKS, VALISES, TRAVEL-ING BAGS, SATCHELS, HAT BOXES AND SHOE BOXES USED FOR LUG-GAGE, HAND BAGS, AND POCKET-BOOKS, IN CLASS 3 (INT. CL. 18).

FIRST USE 0-0-1897; IN COMMERCE 0-0-1897.

SER. NO. 71-313,983, FILED 4-29-1931.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 17, 1994.*

## COMMISSIONER OF PATENTS AND TRADEMARKS

BEST AVAILABLE COPY

Registered Sept. 20, 1932

Ent. Cl. / 8

## Trade-Mark 297,594

297,594. "VL" AND DRAWING. Registered Sept. 20, 1932. Vuitton & Vuitton, Societe a Responsabilite Limitee, Paris, France. Renewed Sept. 20, 1952, to Vuitton & Vuitton, Societe a Responsabilite Limitee, Seine, France, a corporation organized under the laws of the Republic of France. Trunks, Valises, Traveling Bags, Etc. Class 3.

SECOND RENEWAL
*Vuitton et frere Societe a Responsabri lite limitee
Celsures (hords de seine) France*

# UNITED STATES PATENT OFFICE

VUITTON & VUITTON, SOCIETE A RESPONSABILITE LIMITEE, OF PARIS, FRANCE

ACT OF FEBRUARY 20, 1905

Application filed April 29, 1931. Serial No. 313,983.



### STATEMENT

*To all whom it may concern:*

Be it known that Vuitton & Vuitton, Societe a Responsabilite Limitee, a corporation duly organized under the laws of the Republic of France, located in the city of Paris, France, and doing business at 70 Avenue des Champs-Elysees, in said city, has adopted for its use the trade-mark shown in the accompanying drawing, the representation of a trunk lining or a section thereof being hereby disclaimed.

The trade-mark has been continuously used in its business since 1897.

The particular description of goods to which the trade-mark is appropriated is TRUNKS, VALISES, TRAVELING BAGS, SATCHELS, HAT BOXES AND SHOE BOXES USED FOR LUGGAGE, HAND BAGS, AND POCKETBOOKS, comprised in Class 3, Baggage, animal equipments, portfolios, and pocketbooks

The trade-mark is usually displayed by stamping or otherwise impressing same directly upon the goods or by printing or otherwise impressing same on packages containing the goods.

Said trade-mark has been registered in France dated Oct. 29, 1908, renewed Aug. 3, 1923, No. 219,497. Mock & Blum, whose postal address is 10 East 40th Street, New York, N. Y., are designated as applicant's representative, on whom process or notice of proceedings affecting the right of ownership of said trade-mark brought under the laws of the United States may be served.

VUITTON & VUITTON, SOCIETE
A RESPONSABILITE LIMITEE,
By G. L. VUITTON,
*Managing Director.*



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,519,828* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM *January 10, 1989*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *LOUIS VUITTON MALLETIER*
  *A FRANCE CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

**L. EDELEN**
**Certifying Officer**

PLAINTIFF'S
EXHIBIT
B

Int. Cl.: 18

Prior U.S. Cl.: 3

## United States Patent and Trademark Office

Reg. No. 1,519,828
Registered Jan. 10, 1989

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON (FRANCE CORPORATION)
30 RUE LA BOETIE
PARIS, FRANCE

FOR: TRUNKS, VALISES, TRAVELING BAGS, SATCHELS, HAT BOXES AND SHOE BOXES USED FOR LUGGAGE, HAND BAGS, POCKETBOOKS, IN CLASS 18 (U.S. CL. 3).

FIRST USE 0–0–1897; IN COMMERCE 0–0–1925.

OWNER OF U.S. REG. NOS. 286,345 AND 297,594.

SER. NO. 726,741, FILED 5–6–1988.

CHRIS A. F. PEDERSEN, EXAMINING ATTORNEY



TR 340641

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,770,131* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *May 11, 1993*
*SECTION 8 & 15*
*LESS GOODS*
SAID RECORDS SHOW TITLE TO BE IN:
    *LOUIS VUITTON MALLETIER*
    *A FRANCE CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

PLAINTIFF'S
EXHIBIT
C

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,770,131
Registered May 11, 1993

### TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON (FRANCE CORPORATION)
54 AVENUE MONTAIGNE
75008 PARIS, FRANCE

FOR: CLOTHING FOR MEN AND WOMEN; NAMELY, ~~BELTS,~~ SHAWLS, SASHES, SCARVES; ~~FOOTWEAR, TIPS FOR FOOT-WEAR,~~ HEADGEAR, IN CLASS 25 (U.S. CL. 39).

OWNER OF FRANCE REG. NO. 1498338, DATED 11–15–1988, EXPIRES 11–15–1998.

OWNER OF U.S. REG. NO. 1,415,502.

SER. NO. 74–148,017, FILED 3–15–1991.

PATRICK, LEVY, EXAMINING ATTORNEY



TR 340642

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,794,905* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *September 28, 1993*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *LOUIS VUITTON MALLETIER*
   *A FRANCE CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
**Certifying Officer**

PLAINTIFF'S
EXHIBIT
D

Int. Cls.: **16 and 25**

Prior U.S. Cls.: **5, 11, 29, 37, 38 and 39**

# United States Patent and Trademark Office

Reg. No. 1,794,905
Registered Sep. 28, 1993

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE CORPORATION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE , ASSIGNEE OF LOUIS VUITTON (FRANCE CORPORATION) 75008 PARIS, FRANCE

FOR: TRAVEL GOODS CATALOGS, STATIONERY, PADS OF STATIONERY, CALENDARS, INDEXES FOR ARTICLES MADE FOR TRAVELLERS, NOTEBOOKS, ENVELOPES; PRINTED LABELS FOR LUGGAGE AND OTHER TRAVEL GOODS AND LEATHER HOLDERS THEREFOR, SOLD AS A UNIT; WRITING PAPER, PAPER OR PLASTIC BAGS FOR PACKAGING, HAT BOXES, PAPER OR CARDBOARD BOXES, PHOTOGRAPHS, ADHESIVES FOR STATIONERY, OFFICE REQUISITES IN THE NATURE OF WRITING PADS, LETTER TRAYS, PAPER CUTTERS, LETTER OPENERS, WRITING TABLETS, PENCILS, PENCIL HOLDERS, FOUNTAIN PENS, BALLPOINT PENS, PEN CASES, PENCIL CASES, LEAD HOLDERS, BALLPOINTS FOR PENS, NIBS, NIBS OF GOLD, INKWELLS, INKSTANDS, PLAYING CARDS, IN CLASS 16 (U.S. CLS. 5, 11, 29, 37 AND 38).

FOR: CLOTHING FOR MEN AND WOMEN; NAMELY BELTS, SHAWLS, SASHES, SCARVES; FOOTWEAR HEADGEAR, IN CLASS 25 (U.S. CL. 39).

OWNER OF FRANCE REG. NO. 1540178, DATED 7-7-1989, EXPIRES 7-7-1999.

OWNER OF U.S. REG. NOS. 286,345, 1,522,311 AND OTHERS.

SER. NO. 74-147,107, FILED 3-12-1991.

PATRICK, LEVY, EXAMINING ATTORNEY



TR 340641

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,938,808* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *November 28, 1995*

*AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED*
SAID RECORDS SHOW TITLE TO BE IN:
   *LOUIS VUITTON MALLETIER*
   *A FRANCE CORPORATION*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
Certifying Officer

PLAINTIFF'S
EXHIBIT
E

and 24

Cls.: 2, 27, 28, 42 and 50

Reg. No. 1,938,808

States Patent and Trademark Office

Registered Nov. 28, 1995

rected

OG Date Apr. 1, 1997

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER
(FRANCE CORPORATION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE

OWNER OF U.S. REG. NOS. 286,345,
1,794,905 AND OTHERS.

FOR: JEWELRY, WATCHES AND
STRAPS FOR WRIST WATCHES, IN
CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0-0-1910; IN COMMERCE
0-0-1910.

FOR: TRAVEL BLANKETS MADE OF
TEXTILE, IN CLASS 24 (U.S. CLS. 42
AND 50).

FIRST USE 0-0-1901; IN COMMERCE
0-0-1901.

SER. NO. 74-618,480, FILED 1-6-1995.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Apr. 1, 1997.*

COMMISSIONER OF PATENTS AND TRADEMARKS

nt. Cls.: 14 and 24

Prior U.S. Cls.: 2, 27, 28, 42 and 50

## United States Patent and Trademark Office

Reg. No. 1,938,808
Registered Nov. 28, 1995

### TRADEMARK
### PRINCIPAL REGISTER



MALLETIER, LOUIS VUITTON (FRANCE CORPORATION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE

FOR: JEWELRY, WATCHES AND STRAPS FOR WRIST WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).
FIRST USE 0-0-1910; IN COMMERCE 0-0-1910.

FOR: TRAVEL BLANKETS MADE OF TEXTILE, IN CLASS 24 (U.S. CLS. 42 AND 50).
FIRST USE 0-0-1901; IN COMMERCE 0-0-1901.
OWNER OF U.S. REG. NOS. 286,345, 1,794,905 AND OTHERS.

SER. NO. 74-618,480, FILED 1-6-1995.

CARYN HINES, EXAMINING ATTORNEY



TR 340641

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION 1,990,760 IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF 10 YEARS FROM August 06, 1996

SAID RECORDS SHOW TITLE TO BE IN:
  LOUIS VUITTON MALLETIER
  A FRANCE CORPORATION



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

L. EDELEN
Certifying Officer

PLAINTIFF'S
EXHIBIT
F

Int. Cls.: 14, 16, 18, 24 and 25

Prior U.S. Cls.: 1, 2, 3, 5, 22, 23, 27, 28, 29, 37, 38, 39, 41, 42 and 50

## United States Patent and Trademark Office

Reg. No. 1,990,760
Registered Aug. 6, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## LOUIS VUITTON

LOUIS VUITTON MALLETIER (FRANCE CORPORATION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE

FOR: WATCHES AND STRAPS FOR WRIST WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0–0–1910; IN COMMERCE 0–0–1910.

FOR: PHOTOGRAPH ALBUMS; CATALOGUES FEATURING LUGGAGE AND TRAVEL ACCESSORIES, BAGS, SMALL LEATHER GOODS AND GARMENTS; ENGAGEMENT BOOKS, NOTEBOOKS, PICTURE BOOKS, ANTHOLOGIES AND PAMPHLETS REFERRING TO TRAVEL; CALENDARS; TELEPHONE INDEXES; HAT BOXES OF CARDBOARD; OFFICE REQUISITES IN THE NATURE OF WRITING PADS, LETTER TRAYS, WRITING CASES, PENCIL HOLDERS; FOUNTAIN PENS, BALLPOINT PENS, NIBS, INK WELLS, INK STANDS; PLAYING CARDS; COVERS FOR POCKET AND DESK DIARIES, AND CHECKBOOK HOLDERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0–0–1923; IN COMMERCE 0–0–1923.

FOR: TRUNKS; TRAVELING TRUNKS; SUITCASES; TRAVELING BAGS; LUGGAGE; GARMENT BAGS FOR TRAVEL; HAT BOXES FOR TRAVEL; SHOE BAGS FOR TRAVEL; UMBRELLAS; ANIMAL CARRIERS; BAGS FOR CLIMBERS; BAGS FOR CAMPERS; RUCKSACKS; HAVERSACKS; LEATHER OR TEXTILE SHOPPING BAGS; BEACH BAGS; HUNTERS' GAME BAGS; HANDBAGS; VANITY CASES SOLD EMPTY; ATTACHE CASES; SCHOOL BAGS; SCHOOL SATCHELS; TOTE BAGS, TRAVEL SATCHELS; CLUTCH BAGS; BRIEFCASES; WALLETS; POCKET WALLETS; CREDIT CARD CASES; BUSINESS CARD CASES; BILL AND CARD HOLDERS; CHECKBOOK HOLDERS; KEY CASES; CHANGE PURSES; BRIEFCASE-TYPE PORTFOLIOS; ENVELOPES OF LEATHER OR IMITATION LEATHER FOR PACKAGING, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0–0–1854; IN COMMERCE 0–0–1898.

FOR: TRAVEL BLANKETS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 0–0–1901; IN COMMERCE 0–0–1901.

FOR: SHIRTS; SWEATSHIRTS; POLO SHIRTS; T-SHIRTS; HEADWEAR; JACKETS; TIES; BELTS; SHAWLS; SASHES; SCARVES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0–0–1909; IN COMMERCE 0–0–1909.

OWNER OF U.S. REG. NOS. 1,045,932, 1,615,681 AND OTHERS.

THE NAME "LOUIS VUITTON" IS THE NAME OF THE DECEASED, FOUNDER OF THE APPLICANT'S BUSINESS.

SER. NO. 74–604,074, FILED 11–29–1994.

RANDY RICARDO, EXAMINING ATTORNEY



TR 345641

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,263,903* IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM   *July 27, 1999*
SAID RECORDS SHOW TITLE TO BE IN:   *Registrant*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
Certifying Officer

PLAINTIFF'S
EXHIBIT
G

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

## United States Patent and Trademark Office

Reg. No. 2,263,903
Registered July 27, 1999

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE COR-
PORATION)
2, RUE DU PONT-NEUF
75001 PARIS, FRANCE

FOR: TRUNKS FOR TRAVELLING, SUIT-
CASES, TRAVELLING BAGS, HANDBAGS,
LUGGAGE, COSMETIC CASES SOLD EMPTY,
VANITY CASES SOLD EMPTY, TOILETRY
CASES SOLD EMPTY, BACK PACKS, SHOUL-
DER BAGS, TOTE BAGS, LEATHER SHOP-
PING BAGS, WAIST PACKS, BRIEFCASES, AT-
TACHE CASES, BRIEFCASE-TYPE PORTFO-
LIOS, PURSES, CHANGE PURSES, WALLETS,
KEY CASES, DOCUMENT CASES, BUSINESS
CARD CASES AND BILLFOLDS, IN CLASS 18
(U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1985; IN COMMERCE
0-0-1986.

OWNER OF U.S. REG. NOS. 1,655,564, 1,931,144
AND OTHERS.

THE MARK CONSISTS OF A DISTINCTIVE
MAN-MADE TEXTURED PATTERN UTILIZED
AS A SURFACE FEATURE OF APPLICANT'S
VARIOUSLY CONFIGURED PRODUCTS. THE
PATTERN IS DISPLAYED IN CONTRASTING
SHADES OF THE SAME COLOR. THE
DARKER SHADE PRESENTED ON THE ELE-
VATED PORTION OF THE SURFACE AND
THE LIGHTER SHADE SERVING AS THE
BACKGROUND OR LOWER SURFACE. THE
LINING SHOWN IS A FEATURE OF THE
MARK AND DOES NOT INDICATE SPECIFIC
COLOR. NO CLAIM IS MADE TO THE
BROKEN LINES WHICH REFLECT THE POSI-
TIONING OF THE MARK. THE DRAWING
SHOWN IN THE APPLICATION DEPICTS A
CHANGE PURSE.

SEC. 2(F).

SER. NO. 75-096,435, FILED 4-30-1996.

TERESA M. RUPP, EXAMINING ATTORNEY



TR 340642

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

December 11, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,378,388* IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM *August 22, 2000*
SAID RECORDS SHOW TITLE TO BE IN: *Registrant*



By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

*L. Edelen*

**L. EDELEN**
Certifying Officer

PLAINTIFF'S
EXHIBIT
H

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22 and 41

## United States Patent and Trademark Office

Reg. No. 2,378,388

Registered Aug. 22, 2000

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE CORPORATION)
2, RUE DU PONT-NEUF
75001 PARIS, FRANCE

FOR: GOODS MADE OF LEATHER OR IMITATIONS OF LEATHER NOT INCLUDED IN OTHER CLASSES NAMELY BOXES OF LEATHER OR LEATHER BOARD PRINCIPALLY USED FOR TRAVEL PURPOSES, ENVELOPES OF LEATHER FOR MERCHANDISE PACKAGING, TRUNKS, VALISES, TRAVELING BAGS, TRAVELING SETS FOR CONTAINING COSMETICS, JEWELRY AND STATIONERY, GARMENT BAGS FOR TRAVEL, VANITY CASES, RUCKSACKS, HANDBAGS, BEACH BAGS, SHOPPING BAGS, SHOULDER BAGS, ATTACHECASES, BRIEF CASES, POUCHES, FINE LEATHER GOODS NAMELY, POCKET WALLETS, PURSES,

KEY CASES, BUSINESS CARD CASES, CREDIT CARD CASES, CALLING CARD CASES, PARASOLS, UMBRELLAS, CANES, WALKING-STICK SEATS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 7-0-1996; IN COMMERCE 7-0-1996.

OWNER OF U.S. REG. NOS. 1,615,681, 2,177,841 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PARIS", APART FROM THE MARK AS SHOWN.

THE COLORS LIGHT AND DARK BROWN ARE CLAIMED AS A FEATURE OF THE MARK. THE LINING CONSTITUTES A FEATURE OF THE MARK AND, ITSELF, DOES NOT INDICATE COLOR AS DESCRIBED AND CLAIMED HEREINABOVE.

THE NAME "LOUIS VUITTON" DOES NOT IDENTIFY A PARTICULAR LIVING INDIVIDUAL.

2,378,388

THE MARK CONSISTS OF A SQUARE WITH A CHECKERED PATTERN OF LIGHT AND DARK BROWN WITH THE UNUSUAL CONTRAST OF WEFT AND WARP.

SER. NO. 75–366,585, FILED 10-1-1997.

JENNIFER CHICOSKI, EXAMINING ATTORNEY