ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
HAGÅTÑA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiff
LOUIS VUITTON MALLETIER

FILED
DISTRICT COURT OF GUAM
JAN 22 2003
MARY L. M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
JAN 2 4 2003
MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| LOUIS VUITTON MALLETIER, | ) | CIVIL CASE NO. 03-00001 |
| Plaintiff, | ) ) | **AMENDED TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, ORDER SEALING FILE AND ORDER ACCELERATING DISCOVERY ISSUED TO DEFENDANT CAROL A. SALGADO** |
| vs. | ) ) | |
| JENNY DOE aka JENNY SALGADO, CAROL A. SALGADO and DOES I THROUGH XX. | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Louis Vuitton Malletier (hereinafter "Plaintiff"), having applied ex parte for a temporary restraining order and seizure order; order to show cause for preliminary injunction, under the Lanham Act (15 U.S.C. § 1051, et seq.), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473; order sealing file; and order accelerating discovery, for the reason that defendant appears to be, among other things, selling goods bearing counterfeits of plaintiff's registered trademarks, and the Court having reviewed the verified complaint, pleadings, moving papers, exhibits and affidavits submitted by plaintiff, the Court finds that it clearly appears that:

(a) plaintiff is likely to succeed in showing that the defendant used counterfeits of plaintiff's Louis Vuitton, "LV", and other trademarks and logos (hereinafter collectively the "Plaintiff's Trademarks"), registered in the Principal Register in the United States Patent and Trademark office, in connection with the sale, offering for sale, and/or distribution of bags, wallets, and other items; and that

(b) the sale of such merchandise bearing counterfeits of Plaintiff's Trademarks will result in an immediate and irreparable injury to plaintiff if seizure of such counterfeit merchandise and the records pertaining thereto is not ordered; and that

(c) the defendant, or other persons acting in concert with defendant, may destroy, move, hide or otherwise make the merchandise bearing counterfeits of Plaintiff's Trademarks and defendant's business records inaccessible to the court, if plaintiff was to proceed on notice to defendant, thus frustrating the ultimate relief plaintiff seek in this action; and that

(d) the harm to plaintiff of denying the requested ex parte seizure order outweighs the harm to the legitimate interests of defendant from granting such an order; and that

(e) plaintiff has sufficiently shown that the items and documents to be seized are located at 287 Amantes St., Dededo, Guam; and that

(f) plaintiff has not publicized the proposed seizure order; and that

(g) plaintiff has provided the United States Attorney with reasonable notice of their application for an ex parte seizure order; and that

(h) entry of an order other than an ex parte seizure order will not adequately achieve the purposes of 15 U.S.C. § 1114 to preserve plaintiff's remedies for trademark infringement, including destruction of merchandise bearing counterfeits of Plaintiff's Trademarks and evidence of plaintiff's

lost profits and damages.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant, and each of them, and any person acting in concert with them who is served with a copy or has notice of this Order (hereinafter collectively referred to as "defendant"), shall show cause, unless the defendant waives her right to do so, before the Honorable John S. Unpingco at the United States District Court for the District Court of Guam, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam 96910, on ___Feb 6___, 2003, at ___10___ o'clock _A_. m. [between 10 and 15 days of this Order pursuant to 15 U.S.C. §1116(D)(10)(A)], or as soon thereafter as counsel can be heard, why an order should not be entered granting plaintiff a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure, as follows:

(a) Enjoining and restraining defendant, her officers, agents, servants, employees, attorneys and any persons in active concert or participation with them, from:

(i) using Plaintiff's trade names or Trademarks including "Louis Vuitton," or "LV," trademarks and logos or any reproduction, counterfeit copy, or colorable imitation of said marks, trade names or logos in connection with the advertising, embroidering, printing, distributing, offering for sale, or sale of bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items, or in any manner likely to cause others to believe that defendant's products are connected with plaintiff or plaintiff's genuine Louis Vuitton products; and

(ii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Louis Vuitton merchandise as and for genuine Louis Vuitton merchandise; and

(iii) committing any other acts calculated to cause purchasers to believe that defendant's products are genuine Louis Vuitton products or that defendant is an authorized

distributor of Louis Vuitton products; and

    (iv)  shipping, delivering, holding for sale, distributing, importing, returning, transferring or otherwise moving or disposing of in any manner such bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items falsely bearing the Louis Vuitton and Chanel trademarks, trade names or logos or any reproduction, counterfeit, copy or colorable imitation of the same; and

    (v)  assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (iv); and

  (b)  Impounding, in the custody of plaintiff's counsel as substitute custodian for the court, during the pendency of this action or until further order of the court, the bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items, labels, heat transfers, molds, screens, printing and/or embroidering devices, advertising, packaging and other materials, merchandise and business records seized pursuant to the provisions of this Order hereinafter set forth;

  (c)  Ordering defendant to deliver up to plaintiff's counsel for impoundment, pursuant to court order, all such items, or things bearing counterfeits of Plaintiff's Trademarks remaining in their possession, custody or control, and it is further

  ORDERED, ADJUDGED AND DECREED that pending the hearing of plaintiff's application for a preliminary injunction, defendant, her agents, servants, employees, attorneys and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, be, and they are, hereby temporarily restrained from (a) committing any of the acts set forth in subparagraphs (i) through (v) of the preceding section; (b) moving,

-4-

destroying or otherwise disposing of any goods, labels, heat transfers, molds, screens, printing or embroidering devices, or other items or documents bearing or relating to the Louis Vuitton trademarks or trade names or logos of plaintiff, and (c) removing, destroying or otherwise disposing of business records or documents relating in any way to the manufacture, printing, importation, acquisition, purchase, distribution or sale of goods or otherwise relating to merchandise bearing the Louis Vuitton trademarks, trade names or logos of plaintiff.

IT IS FURTHER ORDERED that the temporary restraining order shall remain in effect until the date set herein for hearing on the order to show cause or such further dates set by the Court, unless the defendant stipulates, or have not objected, to the preliminary injunction and that the defendant is placed upon notice that failure to attend the hearing shall result in confirmation of the seizure and the immediate issuance of a preliminary injunction deemed to take effect immediately upon the expiration or dismissal of this temporary restraining order; and

IT IS FURTHER ORDERED that the United States Marshal, accompanied by counsel for plaintiff and/or persons under their supervision, be and are hereby directed to seize and impound forthwith:

(a) All clothing; handbags; luggage; leather goods such as wallets, agendas, keycases, cigarette cases, coin holders, and cosmetic purses; fine jewelry and costume jewelry including earrings, brooches, necklaces, bracelets, rings, and anklets; shoes; belts; scarves; ties; hats; gloves; purses, fanny packs, labels, boxes, packages, advertisements and any other goods, items or merchandise in defendant's possession, custody or control bearing any counterfeit, copy or substantially indistinguishable designations of, or for, any of plaintiff's Louis Vuitton trademarks, trade names or logos;

(b) All plates, molds, matrices, heat transfers, printing or embroidering or silkscreening apparatus utilized in making counterfeit Louis Vuitton merchandise and other means of making any counterfeits or infringing marks, copies of or substantially indistinguishable designations of plaintiff's Louis Vuitton trademarks, trade names or logos;

(c) All books and records documenting or reasonably appearing to document or relate to the manufacture, purchase, importation, sale, printing, distribution or receipt of any merchandise bearing, or intended to bear, any counterfeit, copy or substantially indistinguishable designations of, or for, plaintiff's Louis Vuitton trademarks, trade names or logos or other things involved in such violation; including, but without limitation, all such infringing merchandise or means of making or transporting such merchandise, and all such related records and things on the person or under the control of defendant or which defendant attempts to sell, or are holding, in any location in the Territory of Guam under said defendant's care, custody, possession or control, including any carton, room, vehicle, cabinet, desk, container or other package in which said counterfeit and/or infringing merchandise, labels or business records is found at any locations, including but not limited to defendant Carol A. Salgado's dwelling located at 287 Amantes St., Dededo, Guam.

IT IS FURTHER ORDERED that the United States Marshal, accomplishing such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased or occupied by defendant or the locations to be searched, and to inspect the contents of any rooms, closets, cabinets, vehicles, containers, desks, packages, cartons or documents located on or near any of the above locations or premises and in doing so may arrest any person impeding him or her from effecting such seizure; and

IT IS FURTHER ORDERED that plaintiff or its agents shall promptly inspect all items

-6-

seized, and if any items are reasonably determinable to be improperly seized, such items are to be returned to defendant as soon as reasonably possible and to this end, defendant or her agents are required to give to the peace officer the correct name, address, phone number and directions to the place they can be reached and failure to do the same may result in contempt of Court; and

IT IS FURTHER ORDERED that any such merchandise or means of making such merchandise or records and things seized shall be appropriately tagged to permit identification, that defendant shall be given a receipt therefor and such merchandise, records or things shall be impounded in the custody or control of plaintiff's counsel or their designees as substitute custodian of the Court, pending further order of this Court and shall be made available for inventory or inspection by any party or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to plaintiff's counsel, defendant and defendant's counsel, who shall all be permitted to inspect and copy such records, and such records shall be copied and the originals returned to defendant as soon as possible. This protective order, limiting the access to such documents, shall expire on the date set above for the hearing on the Order to Show Cause unless extended by order of this Court, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and

IT IS FURTHER ORDERED that plaintiff has previously posted a corporate surety bond, cash or a certified or attorney's check in the total amount of $1,000.00 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure or restraint hereunder; and

IT IS FURTHER ORDERED that, sufficient cause having been shown, the above seizure

shall take place and service of this Order, together with the Summons and Complaint, shall be made on defendant personally, or by delivery to an adult of suitable age, at defendant's place of business or residence or where defendant is selling or holding for sale the items or records to be seized, and that such service shall be deemed good and sufficient and shall take place within seven days from the date of this Order or such time as may be extended by this Court and, upon request by any defendant, plaintiff's attorneys shall supply such defendant with copies of all other supporting documents previously filed by plaintiff herein; and

IT IS FURTHER ORDERED that defendant's answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for plaintiff by delivering copies thereof to the Law offices of Arriola, Cowan & Arriola, A Professional Corporation, Suite 201, 259 Martyr Street, Hagåtña, Guam 96910, before 12:00 o'clock p.m. on _Jan 31_, 2003 (4 days before hearing). Any response shall be filed and served by plaintiff before 12:00 o'clock p.m. on _Feb 5_, 2003 (1 day before hearing); and

IT IS FURTHER ORDERED that this action shall remain sealed by the Court until the date for hearing of the Order to Show Cause set forth above, whether or not the hearing is held on that date, at which time the Clerk may remove the seal. During the period that this record is sealed, all persons against whom this Order is issued shall have access to the record herein after the seizure is carried out.

IT IS FURTHER ORDERED that good cause having been shown that discovery herein may begin immediately and the time for defendant's responses to any request for production of documents or things served with this Order shall be shortened to be due the date of the hearing set forth above.

DEFENDANT IS HEREBY GIVEN NOTICE THAT UPON SERVICE OF THIS NOTICE DEFENDANT SHALL BE DEEMED TO HAVE ACTUAL NOTICE OF THE ISSUANCE AND TERMS OF THIS ORDER AND THAT ANY ACT BY ANY OF THEM OR BY PERSONS ACTING IN CONCERT WITH THEM IN VIOLATION OF ANY OF THE TERMS HEREOF MAY BE CONSIDERED AND PROSECUTED AS CONTEMPT OF THIS COURT.

Dated: JAN 22 2003

Time: _____

/s/ John S Unpingco
_____
HONORABLE JOHN S. UNPINGCO
Chief Judge, District Court of Guam

PRESENTED BY:

ARRIOLA, COWAN & ARRIOLA
Counsel for Plaintiff LOUIS VUITTON
MALLETIER

BY: *[signature]*
**ANITA P. ARRIOLA**
Dated: January 21, 2003

I HAVE SERVED THE WITHIN ORDER
                        (WRIT-ORDER)
ON 1-22-02 0930 AM BY LEAVING WITH
   (DATE & TIME)

Carol A Salcano
(NAME & TITLE OF INDIVIDUAL SERVED)

Joaquin LG Salas
         USM

BY: *[signature]*
         DUSM

U.S. Department of Justice
United States Marshals Service



Ps 1

# UNITED STATES MARSHALS SERVICE
## DISTRICT OF Guam

## SEIZED PROPERTY AND EVIDENCE CONTROL

**RECEIVED FROM (Name and address)**
CAROL A SALGADO  930 AM

| CASE NO. | CASE TITLE |
|---|---|
| CV 03-00001 | Louis Vuitton Malletier -vs- Jenny Doe aka Jenny Salgado |

**SUBJECT (Name, address)**

| ITEM NO. | QTY. | DESCRIPTION OF ARTICLES (Include model, serial no., identifying marks, condition, value, etc.) | STORAGE LOCATION |
|---|---|---|---|
| 1 | 1 | LV CARD WALLET | LIVING ROOM |
| 2 | 1 | LV LIPSTICK CASE | " " |
| 3 | 1 | LV WALLET | " " |
| 4 | 1 | LV BOX W/FELT BAG | " " |
| 5 | 1 | LV ID WALLET | " " |
| 6 | 1 | PILIPINAS PASSPORT | " " |
| 7 | 1 | BUSINESS LICENCE COPY | BEDROOM |
| 8 | 1 | LV JEWELRY BOX (SMALL) | BEDROOM (DUPLEX) |

I certify that I have received and hold myself accountable for the articles listed above:

| NAME & TITLE (Typed or printed) | AGENCY | DATE | SIGNATURE |
|---|---|---|---|
| David A. Punzalan, DUSM | USMS | 1/10/03 | |

### CHAIN OF CUSTODY

| ITEM NO. | DATE | RELINQUISHED BY | RECEIVED BY | PURPOSE |
|---|---|---|---|---|
| | | NAME & AGENCY | NAME & AGENCY | |
| | | SIGNATURE | SIGNATURE | See Pg 2 |
| | | NAME & AGENCY | NAME & AGENCY | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME & AGENCY | NAME & AGENCY | |
| | | SIGNATURE | SIGNATURE | |

(Over)

(Prior Editions are Obsolete and not to be used)

Form USM - 102
Rev. 04/78
Automated 01/01



P5 2

UNITED STATES MARSHALS SERVICE
DISTRICT OF Guam

## SEIZED PROPERTY AND EVIDENCE CONTROL

RECEIVED FROM (Name and address)
CAROL A. SALGADO   632-7624   1-22-03 0930-1005

| CASE NO. | CASE TITLE |
|---|---|
| CV 03-00001 | Louis Vuitton Malletier -vs- Jenny Doe aka Jenny Salgado |

SUBJECT (Name, address)

| ITEM NO. | QTY. | DESCRIPTION OF ARTICLES (Include model, serial no., identifying marks, condition, value, etc.) | STORAGE LOCATION |
|---|---|---|---|
| 9 | 1 | LV BOX | BEDROOM (DUPLEX) |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

I certify that I have received and hold myself accountable for the articles listed above:

| NAME & TITLE (Typed or printed) | AGENCY | DATE | SIGNATURE |
|---|---|---|---|
| David A. Punzalan, DUSM | USMS | 1/10/03 | [signature] |

### CHAIN OF CUSTODY

| ITEM NO. | DATE | RELINQUISHED BY | RECEIVED BY | PURPOSE |
|---|---|---|---|---|
| 1-9 | 1-22-03 | NAME & AGENCY: Marshall W. Pickerne SIGNATURE: [signature] | NAME & AGENCY: V.C. Arriola, JR. SIGNATURE: [signature] | Per Ct. order |
|  |  | NAME & AGENCY: SIGNATURE: | NAME & AGENCY: SIGNATURE: |  |
|  |  | NAME & AGENCY: SIGNATURE: | NAME & AGENCY: SIGNATURE: |  |

(Over)

(Prior Editions are Obsolete and not to be used)

Form USM - 102
Rev. 04/78
Automated 01/01

# U.S. Department of Justice
# United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Louis Vuitton Malletier | 03-00001 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Jenny Salgado, Carol A. Salgado | |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Carol A. Salgado

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** #287 Amantes Street, Dededo, Guam

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Ste. 201
Hagatna, Guam 96910

| | |
|---|---|
| Number of process to be served with this Form - 285 | 11 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

#287 Amantes Street, Dededo, Guam (see attached map)
Tel: 632-7624

Signature of Attorney or other Originator requesting service on behalf of:
*Anita P. Arriola*    [X] PLAINTIFF   [ ] DEFENDANT

TELEPHONE NUMBER: 477-9730/3     DATE: 1/15/03

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted)

Total Process: 11   District of Origin No. 093   District to Serve No. 093

Signature of Authorized USMS Deputy or Clerk    Date: 01/16/03

I hereby certify and return that I [X] have personally served, [ ] have legal evidence of service, [ ] have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (if not shown above)

[ ] A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service: 1-22-03   Time: 0530 (am)

Signature of U.S. Marshal or Deputy: *Marshall W*

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| ~~$305.00~~ ~~$135.~~ | 7.64 | 0 | ~~312.00~~ ~~472.64~~ | $1,400.00 | | ~~$487.36~~ ~~$867.11~~ $707.41 |

REMARKS:
1 DUSM x 3 hrs. x $45.00/hr = $135.00     DUSM -
Guards -                          = $170.00     Hotel chg - 102.70
1) 1/16/03 Svc. fees due $220.25              P/D - $57.00