ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
HAGATNA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiff
LOUIS VUITTON MALLETIER

FILED
DISTRICT COURT OF GUAM
FEB 28 2003
MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER, <br><br> Plaintiff, <br><br> vs. <br><br> JENNY DOE aka JENNY SALGADO, CAROL A. SALGADO and DOES I THROUGH XX, <br><br> Defendants. | CIVIL CASE NO. 03-00001 <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT JENNY SALGADO** |

This matter, having come before the Court upon the complaint of the plaintiff, Louis Vuitton Malletier (hereinafter "the plaintiff"), for damages and an injunction to restrain Jenny Salgado (hereinafter "defendant"), and others from imitating, copying, counterfeiting, making unauthorized use of, and otherwise infringing upon the registered trademarks, trade names or logos of plaintiff (hereinafter "Plaintiff's Trademarks"), and from unfairly competing with plaintiff, and from falsely designating goods as having originated from plaintiff; and it appearing to the Court from the supporting evidence that a Final Judgment and Permanent Injunction should be entered in favor of the plaintiff, it is

-1-

ORDERED, ADJUDGED AND DECREED that:

1. Defendant and her representatives, agents, servants, employees, and all persons or entities acting in concert or participation with defendant, are permanently enjoined and restrained from in any manner:

    a. Using Plaintiff's Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks in connection with the printing, manufacturing, advertising, embroidering, offering for sale, sale or distribution of purses, handbags, accessories, wallets, keyholders, belts, jewelry, shoes, garments or any other items;

    b. Using Plaintiff's Trademarks or any colorable imitation of Plaintiff Trademarks in any manner likely to cause confusion, mistake or deception as to the identity or source of any item;

    c. Passing off, inducing or enabling others to sell or pass off any items which are not genuine Louis Vuitton products as and for genuine Louis Vuitton;

    d. Committing any acts calculated to cause others to believe that defendant's products are genuine Louis Vuitton products or that defendant is an authorized distributor, seller or retailer of Louis Vuitton;

    e. Offering for sale, selling, circulating, holding for sale, advertising, distributing, printing or manufacturing any items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks;

    f. Engaging in any other activity using Plaintiff's Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks in a manner which is likely to cause others to falsely believe that defendant's products are connected with plaintiff, or

Trademarks in defendant's possession, custody or control; and

   c. Her personal computer monitor, printer, and server; and it is further

3. ORDERED, that defendant shall place into the custody, possession and control of plaintiff counsel, within ten (10) days thereof, at no cost to plaintiff, all items which hereafter come into defendant's possession, custody or control which bear simulations, reproductions, counterfeits or copies of Plaintiff's Trademarks; and it is further

4. ORDERED, that defendant shall pay to plaintiff the sum of FIVE THOUSAND DOLLARS AND NO CENTS ($5,000.00) payable as follows: $1,000.00 payable upon execution of this Consent Judgment, with the balance to be paid in monthly installments of $333.00 beginning April 1, 2003 and on or before the first day of every month thereafter until fully paid; and it is further

5. ORDERED, that all counterfeit Louis Vuitton, garments and other items previously seized by U.S. Marshals or other peace officers of the territory of Guam from defendant shall be released to plaintiff's counsel for disposition, and any bond posted by plaintiff shall be released; and it is further

6. ORDERED, that the parties shall execute a mutual release document upon final payment of the amount referenced in paragraph 4, above; and it is further

7. ORDERED, that this Consent Judgment and the terms contained herein do not constitute any admission of liability, wrongdoing or ownership of the counterfeit Louis Vuitton items on the part of defendant and; it is further

8. ORDERED, that the file, records, pleadings and all documents in this action shall be unsealed immediately; and it is further

9. ORDERED, that this Court shall have continuing jurisdiction to enforce this Judgment, the injunction therein, and any agreement between the parties with respect thereto existing as of the date hereof; and

10. IT IS FINALLY ORDERED, that this Order does not constitute a release of defendant.

**FAILURE TO ABIDE BY THIS JUDGMENT AND THE TERMS CONTAINED HEREIN SHALL CONSTITUTE CONTEMPT OF COURT, PUNISHABLE AFTER HEARING AS PROVIDED BY LAW.**

Dated: FEB 27 2003

**HONORABLE JOHN S. UNPINGCO**
Chief Judge, District Court of Guam

CONSENTED TO by plaintiff Louis Vuitton Malletier.

ARRIOLA, COWAN & ARRIOLA
Counsel for Louis Vuitton Malletier

Dated: 2/27/03

By: **ANITA P. ARRIOLA**

CONSENTED TO by defendant Jenny Salgado.

MOYLAN & VAN DE VELD
Counsel for Defendant Jenny Salgado

Dated: 25 Feb 03

By: **CURTIS VAN DE VELD**

Dated: 02/25/03

By: **JENNY SALGADO**

Notice is hereby given that this document was entered on the docket on FEB 28 2003
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ FEB 28 2003
Deputy Clerk    Date

RECEIVED
FEB 27 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM